REDMANN, Chief Judge.
The question on this appeal is whether a manual gift is established by proof that the now deceased donor transferred funds from a New York bank to a joint account in a New Orleans bank in the names of himself or defendant[1] and that defendant reduced those funds to cash in her possession prior to decedent’s death, when defendant’s testimony is the only direct proof of donative intent, although certain other circumstances add to the credibility of defendant’s testimony.
Those other circumstances include that defendant was the mother of decedent’s first wife; that when decedent came to New Orleans after his mother’s death defendant went to the airport to pick him up and decedent’s aunt (plaintiff) refused to go to the airport; decedent elected to stay at defendant’s home; defendant took care of decedent; when decedent had to go to the VA hospital in Gulfport defendant drove him there and thereafter drove there weekly to visit him. All of those circumstances are of a nature that would allow contradiction, yet they were not contradicted. They do afford some added credibility (in addition to the trial judge’s intuitive evaluation) to defendant’s basically self-serving and not readily verifiable or contradictable testimony that decedent told her from the outset and at all times that he wanted her to have the money; and that “most of the time” (but not the last, when the bulk of the account was withdrawn[2]) when defendant went to the bank to withdraw money, decedent went with her for the ride; at the time of the last withdrawal decedent was in the hospital but repeated that he wanted her to have the money.
It is true that, after decedent left the hospital in 1976, he went to stay with his aunt, plaintiff in this matter. It is also true that on the bank signature card, following the typed names “JOHNSON, George A. or Ruth D. Riddick,” there is a handwritten annotation “(To buy property)” and defendant had no recollection concerning that annotation (nor was it shown when it was written).
We cannot, however, say that the trial judge erred in his credibility evaluation. Appellant cites earlier cases that suggest the unattractiveness of credibility decisions that affect a joint account, and surely the mere establishment of a joint account does not establish donative intent. But, as we understand the supreme court in Succession of Miller, 405 So.2d 812 (La.1981), donative intent may be established by testimony and circumstances similar to those here present.
We note that Miller involved a joint account “payable to either or survivor.” “Or survivor” might suggest a testamentary intent, although invalid for want of proper form, but we could not read those added words to show inter vivos donative *334 intent. We cannot distinguish Miller from the present case, save as to the specific bits of evidence that lent credibility to the Miller donee’s testimony. We therefore follow Miller.
Affirmed.

. Defendant has died subsequent to the trial court’s judgment and her heirs are substituted for her in this appeal.

. Defendant made eight withdrawals totalling about $4,000 from November 1974 to May 1975, when she withdrew the remaining nearly $47,000.